IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

SANDRA J. CHRONISTER                                                    PLAINTIFF

V.                                            4:03CV272JMM

BAPTIST HEALTH AND UNUM LIFE
INSURANCE COMPANY OF AMERICA                                    DEFENDANTS

## ORDER

There are several motions pending in this case: Plaintiff's Motion for Discovery and Stay, Plaintiff's Motion for Summary Judgment, Unum's Motion for Judgment on the Administrative Record, Plaintiff's Motion to Strike and for Sanctions. For the reasons set forth below, Plaintiff's motions are DENIED and Defendant's Motion for Judgment on the Administrative Record is GRANTED.

By Order dated November 29, 2004, the Court remanded this case back to Defendant Unum with directions to re-open the administrative record and make a new determination of the Plaintiff's claim without reliance on the self-reported symptom limitation.[1] In February 2005, both parties appealed the Court's Order to the Eighth Circuit Court of Appeals. The Eighth Circuit affirmed this Court's ruling on May 18, 2006. On January 4, 2007, Plaintiff asked this Court to reopen the case. The Court granted the motion.

Plaintiff filed an Amended Complaint claiming that Unum breached the contract between the parties by denying Plaintiff's long term disability benefits in December 2001. Further, Plaintiff alleged that Unum denied her benefits in an untimely manner.

In July 2007, Unum filed supplemental records which became a part of the administrative

---

[1] The fact of the case are stated in the Court's November 29, 2004 Order and will not be repeated in their entirety here.

record after the Court's remand of the case.  This supplement included Unum's January 19, 2007 denial of Plaintiff's disability benefits and a vocational assessment conducted by Richard Byrd dated January 11, 2007.

In the denial letter, Unum stated that it was applying the "any occupation" standard of disability pursuant to the policy.  The letter noted that Unum had considered the results of Plaintiff's FCE completed on April 11, 2006, and Plaintiff's medical records from 1997 through 2006.  The letter further stated:

> We acknowledge that your client has multiple illnesses.  Those illnesses that have been confirmed are fibromyalgia, mild sleep apnea, sinus tachycardia, mitral valve prolapse, L5-S1 disc bulge, degenerative changes in the cervical spine, mild gastritis, renal cysts, and hypothyroidism.  Illnesses that have not been confirmed are neurogenic syncope/orthostatic hypotension and Raynaud's disease.  However, illness does not equate to disability.  It is the existence and severity of the manifestations of symptoms of an illness that determine if someone is disabled. . . .
>
> There is no doubt that your client has some limitations on her functioning and should be reasonably restricted from some activities.  However, if we were to take into account the restrictions on her functioning that have been established by her medical providers that would remain after a reasonable conditioning program, she could do the following:
>
> • Maintain a sedentary level of activity of exerting up to 10 lbs. pounds [sic] of force occasionally and/or a negligible amount of force frequently to lift, carry, push, pull, or otherwise move objects, including the human body.  She should have the ability to shift position as necessary for comfort.
> • Occasionally reach or extend arm above the head as would be necessary to reach for an item.
> • Engage in brief periods of bending, stooping, or reaching below the waist to retrieve an item below the waist.
> • Stand/walk/stair climb for no more than 1/3 of the workday.
>
> In summary, the medical evidence establishes that your client had the capacity for a sedentary occupation, taking into account the above abilities.

(UACL-Post Remand-00543-544).

Unum discussed the vocational review which identified four occupations that could be

performed with Plaintiff's level of ability.  These occupations included Telephonic Nurse Case Manager, Telephonic Triage Nurse, Insurance File Review Nurse, and Utilization Review Nurse.  Each of these occupations were found to exist in Plaintiff's local area.   Based upon this information, Unum determined that Plaintiff could perform another occupation, and therefore, benefits were not payable to her.  *Id.*

Standard of Review

ERISA provides for judicial review of disability benefit denial decisions.  The Supreme Court has recognized that a deferential standard of review is appropriate under 29 U.S.C. § 1132(a)(1)(B), if "the benefit plan gives the administrator or fiduciary discretionary authority to determine eligibility for benefits or to construe the terms of the plan." *Firestone Tire & Rubber Co. v. Bruch*, 489 U.S. 101, 115 (1989).  As stated in this Court's previous Order, the policy at issue in this case states that UNUM has "discretionary authority to determine . . . eligibility for benefits and to interpret the terms and provisions of the policy."  (Record at 445.)

However, the Plaintiff continues to argue that the Court must apply a sliding scale review because of the procedural error/conflict of interest analysis under *Woo v. Deluxe Corp.*, 144 F.3d 1157, 1160-01 (8th Cir. 1998).  Plaintiff claims that Unum committed procedural error when it failed to accord the Social Security disability award significant weight, failed to decide Plaintiff's claims in a timely manner, and Unum failed to disclose the vocational analysis (included post-remand) to the Plaintiff in a timely manner.

However under *Woo*, Plaintiffs must also show the conflict *caused* a serious breach of the Defendant's fiduciary duty.  "The alleged breach must be significant to trigger a less deferential review.  This second prong presents a considerable hurdle for plaintiffs." *Schatz v. Mutual of*

3

*Omaha Ins. Co.,* 220 F.3d 944, 948 (8th Cir. 2000)(quoting *Barnhart v. UNUM Life Ins. Co.,* 179 F.3d 583, 588 n. 9 (8th Cir.1999)).

In this case, the Eighth Circuit has already considered the Plaintiff's argument regarding Unum's alleged failure to consider the Social Security Administration's disability findings.  The Court found that Plaintiff failed to demonstrate a connection between the alleged procedural irregularity and the substantive decision reached.  Further, this Court finds that Unum's decision to deny Plaintiff's benefits dated January 19, 2007 was not significantly delayed considering the fact that Unum did not received Plaintiff's medical release authorization until October 20, 2006 and did not receive all of Plaintiff's medical records until the end of November, 2006.  The January 2007 vocational review conducted by Dr. Beth Schnars was discussed in detail in Unum's denial letter.  As the Eighth Circuit has found, Plaintiff failed to demonstrate a connection between the alleged procedural irregularity and the substantive decision reached.  Further, because of the unusual sequence of events in this case these alleged irregularities do not give "rise to serious doubts as to whether the result reached was the product of an arbitrary decision or the plan administrator's whim." *Chronister v. Baptist Health,* 442 F.3d 648, 655 (8th Cir. 2006).  Therefore, the Court finds that the deferential standard of review is appropriate in this case.

In applying an abuse of discretion standard, the reviewing Court must affirm if a "reasonable person *could* have reached a similar decision, given the evidence before him, not that a reasonable person *would* have reached that decision." *Ferrari v. Teachers Ins. and Annuity Ass'n*, 278 F.3d 801, 807 (8th Cir. 2002).  A reasonable decision is one based on substantial evidence that was actually before the plan administrator.  Substantial evidence is

defined as "more than a scintilla but less than a preponderance." *Schatz v. Mutual of Omaha Ins. Co.*, 220 F.3d 944, 949 (8th Cir. 2000).  A reviewing court may consider both the quantity and the quality of evidence before a plan administrator.

Plaintiff asks the Court to grant summary judgment in this case based upon a lack of evidence supporting Unum's decision to deny Plaintiff disability benefits.  Plaintiff specifically points out that Unum failed to consider the Social Security Administration's finding of disability after leading the Plaintiff to believe that Unum had received these records.  Plaintiff contends that Unum never provided an adequate rationale for its discount of Plaintiff's treating physician's opinion and did not make a full and fair assessment of Plaintiff's claim because it did not consider the FCE of Pat Hames.

The Court has reviewed the evidence in the administrative record including all of the records received after remand of Plaintiff's case.  The Court finds that there is substantial evidence in the record to support Unum's denial of benefits under the "any occupation" standard.  This case is similar to many ERISA disability appeals.  There is no doubt that Plaintiff suffers from illnesses which make employment more difficult for her than healthy individuals.  However, the medical documentation does not support Plaintiff's complete disability from any source of employment.  Whether the failure in documentation is based upon accurate perceptions of the medical provider or whether the provider inadequately documented the patient's disability is unknown to the Court and to the benefits administrator.  The fact remains that the records before Unum are sufficient to uphold the denial of Plaintiff's benefits.

As for Plaintiff's specific argument regarding the Social Security Administration's finding of disability, the SSA decision was part of the record.  (UACL 250-253).   Further, it is

clear in this Circuit that the determination that a claimant suffers from a disability under Social Security regulations does not require an ERISA plan administrator to reach the same conclusion. *Coker v. Metropolitan Life. Ins. Co.,* 281 F.3d 793, 798 (8th Cir. 2002)(citing *Schatz v. Mutual of Omaha Ins. Co.*, 220 F.3d 944, 950, n. 9 (8th Cir.2000); *Ciulla v. Usable Life*, 864 F.Supp. 883, 888 (W.D. Ark.1994) ("ERISA plans are not bound by Social Security determinations, and this court owes no deference to findings made under the Social Security Act.").

Plaintiff also argues that Unum did not make a full and fair assessment of Plaintiff's claim because it did not consider the FCE of Pat Hames. The record reflects that Unum did consider the FCE performed by Ms. Hames. Unum discounted the report, however, because it did not contain any verifiable measurements. For example, range of motion and muscle strength testing were not performed because Plaintiff "refused to perform these activities because she felt they would cause her significant increases in pain later in the day and week." (UACL -Post Remand 00028-29). The report merely lists Plaintiff's symptoms/ problems, a listing of medical services received and medications and a subjective report from Plaintiff of activities that increase or decrease her pain. The report states that Plaintiff's mental status would not be adequate for learning new tasks and procedures. However, the record does not contain any mental health testing or evaluation. Therefore, the Court cannot say that Unum's refusal to credit the FCE of Pat Hames was arbitrary or capricious.

Finally, Plaintiff argues that Unum credited the assessment of its own reviewing physicians over those of Plaintiff's treating physicians. From review of the record, it appears that Plaintiff's treating physicians did not unequivocally find her disabled from any occupation. Her impairments were exhaustively noted by both treating physicians and reviewing physicians.

As stated, it is abundantly clear that sedentary employment may be a challenge for Plaintiff but there is no evidence that it would be impossible.  Moreover, the Court is not authorized to substitute its own judgment for that of the benefits administrator.  *Ferrari v. Teachers Ins. and Annuity Ass'n,* 278 F.3d 801, 807 (8th Cir. 2002)("We do not, however, substitute our own weighing of the evidence for that of the administrator.")

For the reasons set forth below, Plaintiff's Motion for Discovery and Stay (Docket # 53) is DENIED, Plaintiff's Motion to Strike and for Sanctions (Docket # 74) is DENIED, Plaintiff's Motion for Summary Judgment (Docket # 58) is DENIED, and Unum's Motion for Judgment on the Administrative Record (Docket # 68) is GRANTED.   The Clerk is directed to close the case.

IT IS SO ORDERED this 15th day of October 2007.

_____
James M. Moody
United States District Judge